### NEW ORLEANS NAT. BANKING ASS'N and others *v.* LE BRETON, Assignee, and others.*

*(Circuit Court, E. D. Louisiana. December, 1882.)*

**1. ASSIGNEE—REVOCATORY ACTION.**
  No action, pure and simple, for the annulment of a fraudulent conveyance—no revocatory action—can be brought or be maintained by a creditor or creditors of a bankrupt, but such action must in all cases be brought and be maintained by the assignee.
  *Glenny* v. *Langdon,* 98 U. S. 20.

**2. SAME—FORECLOSURE OF MORTGAGE.**
  But a bill to foreclose a mortgage, notwithstanding a fraudulent transfer of the mortgaged property, and notwithstanding the bankruptcy of the mortgage debtor, may be brought and maintained by the mortgage creditor.

In Bankruptcy.     On demurrers to bill and cross-bill.

*Reported by Joseph P. Hornor, Esq., of the New Orleans bar.
See 7 Sup. Ct. Rep. 772.

*John D. Rouse* and *Wm. Grant,* for complainant.

*Andrew J. Murphy,* for Charles P. McCan.

*E. W. Huntington,* for Mechanics & Traders' Bank.

*James McConnell, Robert Mott,* and *Henry B. Kelly,* for defendants.

PARDEE, C. J. The case made by the bill and reiterated in the cross-bill shows that the complainants are the holders of certain mortgage paper given by one Williams and bearing on a certain sugar plantation in the parish of Terrebonne, in this state; that S. H. Kennedy & Co. were also holders of mortgage rights on the same plantation; that Kennedy & Co. combined with Williams to make a fraudulent transfer of the plantation, so as to defeat the other mortgage holders, in pursuance whereof a pretended judicial sale was made, S. H. Kennedy becoming the purchaser and transferee, and entering into possession; that subsequent thereto Williams took the benefit of the bankrupt act and received his discharge; that the indebtedness of Williams to complainants was admitted on the bankruptcy schedules; and that defendant E. D. Le Breton is the duly-appointed assignee in bankruptcy.

The relief sought is to have the alleged fraudulent transfer annulled as against complainants' demands, the plantation declared subject to their mortgage rights, for an account, and a foreclosure. The demurrers are on the ground that the complainants have no right to bring and maintain the suit; but the suit, if brought at all, must be brought by Williams' assignee in bankruptcy.

It seems to be clear, and it is conceded for this case, that all suits brought for the benefit of the bankrupt's estate must be in the name of the assignee, who represents that estate, and that a general creditor, an unsecured creditor, a creditor at large, in short any creditor who must look to the bankrupt's estate for his claim, or who derives any of his rights of action by or through the bankruptcy, cannot maintain an action to set aside a fraudulent conveyance of the bankrupt. And, for the purposes of this case, we may go further, and concede that no action, pure and simple, for the annulment of a fraudulent conveyance—no revocatory action—can be brought or be maintained by the creditor or creditors of a bankrupt; but such action must in all cases be brought and be maintained by the assignee in bankruptcy. See *Glenny* v. *Langdon,* 98 U. S. 20.

But such rule does not seem to affect the case under consideration. The complainants derive none of their alleged rights through the bankruptcy. Williams' solvency or insolvency would not defeat their action. The suit is not for the benefit of the bankrupt's estate; it is

not intended or calculated to bring a dollar to the hands of the assignee. It is not clear that if successful it will indirectly benefit the bankrupt's estate, even by relieving it of general liability. It is not clear that the assignee could maintain the suit, nor that if he could it would in anywise be to his interest to bring it. See *Dudley* v. *Eastern*, 104 U. S. 99. The complainants have an interest adverse to the assignee in so far as they claim mortgage rights; for, while it appears that the amount of their claims against the bankrupt are fully admitted on the schedules, it does not appear that their mortgage rights are admitted. If not admitted, a suit to enforce them would be adverse to the assignee's interest.

The view I take of this case is that it is a bill to foreclose a mortgage; a bill to foreclose notwithstanding a fraudulent transfer of the mortgaged property; a bill to foreclose notwithstanding the bankruptcy of the mortgaged debtor.

It seems clear to me that the demurrers should be overruled, and the defendants required to answer. And such judgment will be entered.